United States District Court
Southern District of Texas
**ENTERED**
November 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN RAY DELEON, | § | |
| TDCJ # 02201560, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-2351 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner John Ray DeLeon, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) challenging a Harris County conviction. The respondent filed an answer (Dkt. 16) and  a copy of the state court records (Dkt. 15). DeLeon filed a response (Dkt. 17).  After reviewing the pleadings, the applicable law, and all matters of record, the Court will **DISMISS** this action as time-barred for the reasons explained below.

## I.    BACKGROUND

On June 6, 2018, a jury convicted DeLeon of aggravated assault with a deadly weapon, Case No. 1563868, in the 185th District Court of Harris County, Hon. Susan Brown presiding.  The jury sentenced him to 25 years in TDCJ (Dkt. 15-1, at 80-81).

DeLeon appealed.  On March 12, 2019, the First Court of Appeals affirmed the judgment against him.  *DeLeon v State*, No. 01-18-00525-CR, 2019 WL 1119210 (Tex.

App.–Houston [1st Dist.] Mar. 12, 2019, no pet.); Dkt. 15-9; Dkt. 15-10. Although the Court of Criminal Appeals granted DeLeon an extension until June 10, 2019, to file his petition for discretionary review, DeLeon did not file the petition (Dkt. 16-1; *see* Dkt. 15-12).

On April 23, 2022, DeLeon executed an application for state habeas relief (Dkt. 15-14, at 4-25) (WR-93,943-01).  The trial court signed findings of fact and conclusions of law recommending that habeas relief be denied (Dkt. 15-15, at 182-86).  On November 2, 2022, the Court of Criminal Appeals denied his application without written order on the trial court's findings and the court's independent review of the record (Dkt. 15-13).

DeLeon executed his federal petition on July 5, 2022, while his state habeas application was pending. He brings four claims for relief: (1) he was denied due process of law when an officer opened an evidence bag and broke the chain of custody for certain evidence; (2) he was wrongfully and fraudulently charged with aggravated assault with a deadly weapon; (3) the indictment against him was amended in violation of Texas law; and (4) his trial counsel was constitutionally ineffective (Dkt. 1; *see* Dkt. 11 (petitioner's argument and documents)).

The respondent seeks dismissal of the petition under the statute of limitations and reserves the right to assert exhaustion and other procedural defenses or bars.

## II.   THE ONE-YEAR STATUTE OF LIMITATIONS

The petitioner seeks habeas relief under 28 U.S.C. § 2254.  His petition is subject to the one-year limitations period for the Antiterrorism and Effective Death Penalty Act of

1996 (AEDPA), 28 U.S.C. § 2241 *et seq*. The limitations period runs from the "latest of"

four accrual dates:

>  (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>  (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

>  (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The time period during which a "properly filed application for

State post-conviction or other collateral review" is pending is not counted toward the

limitation period.  *Id*. § 2244(d)(2).

   In this case, the trial court entered judgment against DeLeon on June 6, 2018, and

the appellate court affirmed the judgment on March 12, 2019. DeLeon was granted an

extension until June 10, 2019, to file a petition for discretionary review, but did not file

one.  His conviction thus became final on June 10, 2019, when his time for filing the

petition expired.  *See* TEX. R. APP. P. 68.2(a); *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012)

(holding that, "with respect to a state prisoner who does not seek review in a State's highest

court, the judgment becomes 'final' under § 2244(d)(1)(A) when the time for seeking such

review expires").  His limitations period expired one year later, on Wednesday, June 10,

2020.  His federal petition, executed on July 5, 2022, is over two years late and time-barred unless a statutory or equitable exception applies.

DeLeon's state habeas application, executed on April 23, 2022, did not toll the limitations period under AEDPA because, at the time he filed it, the limitations period already had expired.  *See* 28 U.S.C. § 2244(d)(2); *Richards v. Thaler*, 710 F.3d 573, 576 (5th Cir. 2013).  Additionally, DeLeon does not demonstrate the applicability of any provisions in § 2244(d)(1) that might render his petition timely because he does not identify the removal of a state-created impediment to filing for habeas relief, a constitutional right newly recognized and made retroactive by the Supreme Court, or a factual predicate for his claims discovered within one year of his petition.

In some cases, the limitations period under AEDPA may be tolled for equitable reasons. Equitable tolling is available only in rare and exceptional circumstances.  *Mathis v. Thaler*, 616 F.3d 461, 475 (5th Cir. 2010).  A petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing'" of his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Application of the doctrine "'turns on the facts and circumstances of a particular case.'"  *Jackson v. Davis*, 933 F.3d 408, 410 (5th Cir. 2019) (quoting *Fisher v. Johnson,* 174 F.3d 710, 713 (5th Cir. 1999)).  A petitioner seeking application of the doctrine has the burden to provide supporting facts.  *See Fisher*, 174 F.3d at 715. "[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing" of a federal habeas petition.  *Id.* at 714.

Here, DeLeon argues that the Court should not dismiss his petition based on the statute of limitations because he has diligently sought relief but has been delayed by the need to educate himself about the law and by the COVID lockdown in 2020 (Dkt. 17, at 1-3).  He provides no further details about the circumstances that delayed his petition.  Under Fifth Circuit authority, his lack of training in the law does not warrant equitable tolling. *See Fisher*, 174 F.3d at 714.  Regarding the COVID-19 pandemic, the Court notes that approximately nine months of the one-year limitations period elapsed before March 13, 2020, when the pandemic caused shutdowns in Texas.[1]  In any event, "TDCJ's response to the COVID-19 pandemic does not, without more, constitute an 'extraordinary circumstance' warranting equitable tolling. *Addington v. Lumpkin*, No. CV H-23-86, 2023 WL 4054685, at *4 (S.D. Tex. June 15, 2023); *see Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (holding that "ignorance of the law, lack of knowledge of filing deadlines, . . . temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling"); *Carter v. Lumpkin*, 2022 WL 897876, at *2 & n.4 (S.D. Tex. Mar. 26, 2022) (determining that "the restrictions and limitations [the petitioner] faced due to the COVID-19 pandemic do not warrant equitable tolling of the statute of limitations in this case" and noting that the petitioner was not prevented from filing a habeas petition).[2]

---

[1]    *See* Governor Abbott Declares State of Disaster In Texas Due To COVID-19 (Mar. 13, 2020), available at https://gov.texas.gov/news/post/governor-abbott-declares-state-of-disaster-in-texas-due-to-covid-19 (last visited Nov. 20, 2023).

[2]    DeLeon also asserts, in an additional, unfiled habeas petition submitted as an exhibit, that the statute of limitations does not bar his petition because the Court's "subject matter jurisdiction"

Finally, DeLeon argues that he seeks relief under 28 U.S.C. § 2241 and therefore is not barred by the limitations period under § 2244(d)  (Dkt. 17, at 2).  As the Fifth Circuit has explained, however, § 2254 applies to all habeas petitions for persons in state custody:

> [O]ur caselaw makes clear that the two statutes do not represent an either/or dichotomy. Section 2241 empowers a federal court to grant writs of habeas corpus while § 2254 applies to a subset of those to whom § 2241(c)(3) applies, mandating the deferential AEDPA standard of review specifically when a person is in custody pursuant to the judgment of a State court. In other words, § 2254 is not an independent avenue through which petitioners may pursue habeas relief. Instead, all habeas petitions (as distinguished from the § 2255 habeas motions available to prisoners held pursuant to a federal court conviction) are brought under § 2241, and § 2254 places additional limits on a federal court's ability to grant relief if the petitioner is being held in custody pursuant to the judgment of a State court.

*Topletz v. Skinner*, 7 F.4th 284, 293-94 (5th Cir. 2021) (cleaned up) (citing, *inter alia*, *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015); 28 U.S.C. § 2254(a)). Therefore, DeLeon's argument does not warrant relief from the limitations period in § 2244(d).

For the reasons stated above, DeLeon's petition must be dismissed as untimely filed.

## III.   <u>CERTIFICATE OF APPEALABILITY</u>

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district

---

requires the Court to hear the case (Dkt. 11-1, at 12).  Although this Court has subject matter jurisdiction over DeLeon's petition, this argument is unavailing because the Court must apply the limitations provision in 28 U.S.C. § 2244(d).

court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (cleaned up).   Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484; *see Pierre v. Hooper*, 51 F.4th 135, 137 (5th Cir. 2022) (a certificate of appealability may not issue based solely on a debatable procedural ruling).

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.   *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong.   Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

**IV.**   **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1.      The petition for habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) is

DISMISSED with prejudice as time-barred.

2.      All pending motions, if any, are **DENIED as moot**.

3.      A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on _____ November 27 _____, 2023.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE