Case 4:22-cv-02351   Document 21   Filed on 01/09/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
January 09, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN RAY DELEON, <br> TDCJ # 02201560, <br><br> Petitioner, <br><br> VS. <br><br> BOBBY LUMPKIN, <br><br> Respondent. | § § § § § § § § § § § | CIVIL ACTION NO. 4:22-2351 |

## MEMORANDUM OPINION AND ORDER

On November 27, 2023, the Court dismissed the habeas petition filed by John Ray DeLeon as time-barred under 28 U.S.C. § 2244(d) (Dkt. 18; Dkt. 19). On December 18, 2023, DeLeon filed a motion for rehearing (Dkt. 20), which the Court construes as a timely request for reconsideration under Federal Rule of Civil Procedure 59(e).

Rule 59(e) permits a litigant to file a motion to alter or amend a judgment. A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Instead, Rule 59(e) serves the narrow purpose of allowing a party to bring manifest errors or newly discovered evidence to the Court's attention. *See In re Rodriguez*, 695 F.3d 360, 371 (5th Cir. 2012).

DeLeon argues that the Court[1] erred in dismissing his habeas petition as time-barred because it "interpret[ed] [his] appropriate 28 U.S.C. § 2241 as a document that has magically turned into a 28 U.S.C. § 2254," thus allowing the Court to apply the limitations provisions applicable to petitions under § 2254 (Dkt. 20, at 1). He also argues that the COVID-19 pandemic delayed his filing and that he proceeded with diligence (*id.* at 1-2).

As stated in the Court's dismissal order, § 2254 applies to DeLeon's petition because he is in custody pursuant to a state conviction (Dkt. 18, at 6). The Fifth Circuit explained the interplay between the § 2241 and § 2254:

> [O]ur caselaw makes clear that the two statutes do not represent an either/or dichotomy. Section 2241 empowers a federal court to grant writs of habeas corpus while § 2254 applies to a subset of those to whom § 2241(c)(3) applies, mandating the deferential AEDPA standard of review specifically when a person is in custody pursuant to the judgment of a State court. In other words, § 2254 is not an independent avenue through which petitioners may pursue habeas relief. Instead, all habeas petitions (as distinguished from the § 2255 habeas motions available to prisoners held pursuant to a federal court conviction) are brought under § 2241, and § 2254 places additional limits on a federal court's ability to grant relief if the petitioner is being held in custody pursuant to the judgment of a State court.

*Topletz v. Skinner*, 7 F.4th 284, 293-94 (5th Cir. 2021) (cleaned up) (citing, *inter alia*, *Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015); 28 U.S.C. § 2254(a)). Therefore, as held previously, DeLeon's arguments lack merit, and the one-year limitations period in § 2244(d) applies.

Additionally, the Court previously considered DeLeon's arguments regarding

---

[1] DeLeon's motion is captioned for the Southern District of Texas as a "motion for rehearing." Dkt. 20, at 1. Although the motion states that the "Court of Appeals" erred in dismissing his habeas application as time-barred, DeLeon apparently refers to this Court.

COVID-19 and his diligence and determined that the arguments did not warrant equitable tolling (Dkt. 18, at 5).

DeLeon's current motion does not demonstrate newly discovered evidence or a manifest error of law or fact that could justify relief under Rule 59(e). *See Rodriguez*, 695 F.3d at 371. Rather, he raises arguments that were, or could have been, made before the judgment issued. Because his arguments do not show that the Court erred in dismissing his petition as time-barred, his request for reconsideration (Dkt. 20) is **DENIED**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on          January 9         , 2024.

                                            GEORGE C. HANKS, JR.
                                     UNITED STATES DISTRICT JUDGE